UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | 2:11-cr-00135-JAW |
| | ) | |
| SIMON KIHUGU | ) | |

**ORDER AFFIRMING THE RECOMMENDED DECISION
OF THE MAGISTRATE JUDGE**

On November 14, 2011, Simon Kihugu moved to suppress statements, admissions, and answers he made during the investigation that led to the current criminal charges. *Def.'s Pretrial Mot. to Suppress Statements, Admissions, and Answers* (Docket # 21). The Government filed its response in opposition to the motion on December 5, 2011. *Gov't's Resp.* (Docket # 26). An evidentiary hearing was held before the Magistrate Judge on January 13, 2012. *Minute Entry for proceedings held before Magistrate Judge John H. Rich, III* (Docket # 40).

On January 23, 2012, the Magistrate Judge filed his Recommended Decision. *Rec. Dec.* (Docket # 43). Mr. Kihugu has not objected to the Recommended Decision; however, on January 26, 2012, the United States filed a series of objections, asserting that the Recommended Decision contained certain factual errors and asking that the errors be corrected. *Gov't's Objections to Rec. Dec. on Def.'s Mot. to Suppress* (Docket # 44) (*Gov't's Objection*). The Defendant has not responded to the Government's motion. In ruling on the Government's motion, the Court has

reviewed the transcript of the hearing before the Magistrate Judge. *Tr. of Proceedings* (*Tr.*) (Docket # 48).

I. **THE GOVERNMENT'S FACTUAL OBJECTIONS**

   A. **First Objection: Loren Thresher's Exact Status**

The Government objects to the proposed finding that Loren Thresher is a special agent with the Department of Homeland Security "assigned to Immigration and Customs Enforcement." *Gov't's Objection* at 1 (citing *Rec. Dec.* at 1). On this point, the Recommended Decision reads:

> Loren Thresher, a special agent with the Department of Homeland Security, assigned to Immigration and Customs Enforcement . . . .

*Rec. Dec.* at 1. The Government says that "Immigration and Customs Enforcement is actually a division of the Department of Homeland Security." *Gov't's Objection* at 1. The transcript reveals that Agent Thresher testified that he is "a special agent with Homeland Security Investigations, which is within Immigration and Customs Enforcement." *Tr.* 5:13-15. The Court is not certain that the Magistrate Judge's characterization of Agent Thresher's position necessarily conflicts with the Government's view. Nevertheless, for purposes of clarity, the Court sustains the Government's objection and amends the first line of the first paragraph of the Proposed Findings of Fact to read:

> Loren Thresher, a special agent with Homeland Security Investigations, which is within Immigration and Customs Enforcement, a division of the Department of Homeland Security , . . . .

### B. Second Objection: ICE Jackets

The Government's second objection is to the third sentence of the first paragraph on page two:

> All of the agents were dressed in civilian clothes, with ICE jackets.

*Rec. Dec.* at 2. The Government says that Agent Thresher actually testified "that all of the agents were in civilian clothes, [] that he was wearing an ICE jacket, [and that] he was not certain whether all of the other agents were wearing ICE jackets, body armor or other garments indicating their law enforcement affiliation." *Gov't's Objection* at 1. The transcript reads:

> Q. And how were you dressed that day?
>
> A. Civilian clothes, might have been business casual, maybe blue jeans. I had on a black jacket with a cloth ICE badge, and it said Agent Police on the back.
>
> Q. Okay. And what about the other agents?
>
> A. Civilian clothes, one or two of them may have had on a ballistic vest, maybe a jacket that identified themselves as either police or special agent.

*Tr.* 12:18-13-1. The Court sustains the Government's objection and amends page two, line three of the Recommended Decision to read:

> All of the agents were dressed in civilian clothes. Agent Thresher was wearing an ICE jacket. One or two of the other agents may have had on a ballistic vest or a jacket that identified them either as a police officer or special agent.

### C. Third Objection: The Sequence of Events

The Government's third objection is to the Recommended Decision's description of the following sequence of events:

> An agent other than Thresher knocked, and the defendant opened the door within one to two minutes. He was dressed in blue scrubs and was not wearing shoes. He was carrying a Tupperware container of food. He identified himself and complied with a request that he step out into the hallway. The agents performed a quick search of the apartment for other occupants and a second search, directed by the defendant, for documents in his bedroom. The defendant was handcuffed and told that he was under arrest.

*Rec. Dec.* at 2. The Government says that the following is the correct sequence: 1) the agent knocks; 2) the Defendant answers the door; 3) he complies with the agents' request and steps into the hallway; 4) he is handcuffed; 5) he and the agents step into his apartment; 6) one agent performs a quick protective sweep; and 7) the Defendant leads the agents to his bedroom, where they look for and find his passport and lawful permanent residency card. *Gov't's Objection* at 1.

Comparing the Recommended Decision's sequencing to the Government's, the first part of the Recommended Decision meshes with the Government's version: 1) the agent knocks; 2) the Defendant appears within one or two minutes, wearing blue scrubs and carrying a Tupperware container of food and not wearing shoes; and 3) upon request, he steps into the hallway. *Tr.* 14:9-22; 15:4-23; 27:17-28:1. The transcript of Agent Thresher's testimony does not clarify the sequence for the handcuffing, stepping into the apartment, the protective search, and the bedroom search. However, both the Agent's report and his affidavit, each of which was admitted in evidence, confirm that the Government's version of the sequence is correct. *Gov't* Ex. 1, Report of Agent Thresher at 1; *Gov't* Ex. 2 Aff. of Agent Thresher ¶ 6(c), (d), (f).

4

The Court strikes the first sentence of paragraph three on page two and amends paragraph two on page two of the Recommended Decision as follows:

> An agent other than Thresher knocked, and the defendant opened the door within one to two minutes. He was dressed in blue scrubs and was not wearing shoes. He was carrying a Tupperware container of food. He identified himself and complied with a request that he step out into the hallway. The agents handcuffed him and after he was handcuffed, they asked whether they could step into his apartment. He agreed. One of the agents performed a cursory sweep of the apartment for other occupants and found none. He was told he was under arrest. While in the apartment, the agents asked for his lawful permanent resident card and passport. He agreed to provide them and said they were in the bedroom. Once there, at his instructions, the agents searched one or two dresser drawers and a briefcase, eventually finding the documents.

### D. Fourth Objection: Telephone Calls to Employer and Girlfriend

The Government's fourth objection is to a portion of the Recommended Decision that describes the Defendant's telephone calls. *Gov't's Objection* at 2. The Recommended Decision states:

> During the trip, the defendant initiated a conversation about directions to Boston. He made several telephone calls, two of which were to his employer.

*Rec. Dec.* at 2. The Government says that he was allowed to call his employer while still in his residence and that he was permitted to make two calls while in the vehicle to his partner, Faith Ngigi. *Gov't's Objection* at 2. The Court reviewed the transcript of Agent Thresher's testimony and although he testified that the Defendant made two calls to his employer and two calls to someone about picking up the children, Agent Thresher did not specify where the Defendant was when he made these calls. *Tr.* 20:3-21-5. However, both the Agent's report and affidavit

confirm that immediately after the Defendant's arrest—while he was still at the apartment—the Agents allowed the Defendant to make several telephone calls to his employer to confirm that he would not be at work and that—while he was in the police car on the way to Boston—the Agents allowed the Defendant to make two calls to Faith Ngigi, the mother of his children. *Gov't* Ex. 1, Report of Agent Thresher at 1; *Gov't* Ex. 2 Aff. of Agent Thresher ¶ 6(e), (i).

The Court further amends the second paragraph on page two of the Recommended Decision to contain the following:

> . . . He was told he was under arrest. After the agents and the Defendant entered the apartment, the Defendant asked for permission to call his employer. The Agents allowed him to do so and Agent Thresher dialed several numbers and held the telephone as the Defendant made several calls to his employer. Then, while in the apartment, the agents asked for his lawful permanent resident card and passport . . . .

The Court strikes the second sentence of the fourth paragraph on page two and replaces it with the following:

> Agent Thresher allowed the Defendant to make two calls to Faith Ngigi, the mother of his children.

## II. AFFIRMANCE OF RECOMMENDED DECISION

The Court reviewed and considered the Magistrate Judge's Recommended Decision, together with the entire record, and made a *de novo* determination of all matters adjudicated by the Magistrate Judge's Recommended Decision. With these corrections, the Court concurs with the recommendations of the United States Magistrate Judge for the reasons set forth in his Recommended Decision and determines that no further proceeding is necessary.

1. It is therefore ORDERED that, as amended, the Recommended Decision of the Magistrate Judge is hereby AFFIRMED;

2. It is further ORDERED that the Defendant's Motion to Suppress (Docket # 21) be and hereby is DENIED.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 28th day of February, 2012